UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

KAREN LAU,

Plaintiff,

v.

ERIC WONG,

Defendant.

______________________________________/

No. C 13-00763 LB

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

[Re: ECF No. 5]

## INTRODUCTION

Plaintiff Karen Lau, an employee of the Social Security Administration ("SSA"), sought, in California Superior Court, a restraining order against her supervisor, Defendant Eric Wang.[1] Notice of Removal, Exh. 1 ("Request"), ECF No. 1 at 6-12.[2] Mr. Wang removed the case to federal court. Notice of Removal, ECF No. 1 at 1-4. The facts underlying Ms. Lau's request for a restraining order request suggest claims for employment discrimination, hostile work environment, and harassment claims in addition to claims arising in tort. *See* Request, ECF No. 1 at 6-12. Mr. Wang now moves dismiss himself as a improper defendant and to dismiss Ms. Lau's claims under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction or, alternatively, under Fed. R. Civ. P. 12(b)(6) for

[1] Ms. Lau erroneously sued Mr. Wang as "Eric Wong," with an "o" rather than an "a."

[2] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

failure to state a claim upon which relief can be granted. Motion, ECF No. 5. Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the June 6, 2013 hearing. Upon consideration of the parties' filings and the record in this case, the court **GRANTS** Mr. Wang's motion to dismiss.

**STATEMENT**

Ms. Lau is a claims representative at the San Francisco Mission branch office of the SSA. Arcilla Declaration, ECF No. 5-1, ¶ 4. Mr. Wang, an operations supervisor in the same office, is Ms. Lau's first-level supervisor. *Id.* Ms. Lau alleges that, from July 2012 through September 2012, Mr. Wang committed various acts in the workplace that caused her to feel "emotional[] . . . distress and psychological[] disturb[ance]." Request, ECF No. 1 at 8. Specifically, Ms. Lau alleges:

- In July 2012, Mr. Wang ordered her into a room and allowed her to "sit down on a broken chair." *Id.* at 12. In addition, he ordered her into his office every morning for reasons not clear to her, and berated her throughout the month by calling her "stupid." *Id.*
- On the morning of August 31, 2012, Mr. Wang approached her and demanded "[at the] top of his lung[s]" to see her. *Id.* at 8. Ms. Lau does not specify what Mr. Wang said or did on this occasion, but explains that his "demeanor" appeared "belligerent" and "abusive" and his "words" and "actions" were "intimidating and violent." *Id.* She felt "scared and fearful" and subsequently suffered various physical symptoms ("excruciating abdominal pain, headache, and chest pain") of emotional distress. *Id.* As a result, she requested three days off work to seek treatment for her "pain and suffering" at Kaiser Hospital. *Id.* at 8, 12. Following her return to work in early September 2012, Mr. Wang "kept following [her] to the manager's office." *Id.* at 12. She subsequently filed a police report against him later that week. *Id.*
- On September 11, 2012, Mr. Wang stood within 24 inches of her and angrily demanded to see her. *Id.* at 8. Mr. Wang threw a "reprimand letter" in the direction of her "vaginal area" and demanded that she sign it. *Id.* Forty-five minutes after that encounter, Mr. Wang formally issued her the reprimand letter with her signature appended. *Id.* Ms. Lau reports that Mr. Wang's course of conduct has caused her to "feel threatened" and suffer from "acute stress disorder related to work stress" that has manifested in an array of symptoms ("post traumatic

stress disorder, chest pain, neck pain, abdominal pain, [and] leg sore[ness]"). *Id.*

On September 26, 2012, Ms. Lau went on a leave of absence from work and did not specify a return date. Arcilla Decl., ECF No. 5-1, ¶ 4. On September 28, 2012, she called the SSA's Civil Rights and Equal Opportunity ("CREO") Office and left a message about filing an equal employment opportunity ("EEO") complaint against Mr. Wang. *Id.*, ¶ 5. On October 5, 2012, an EEO counselor responded to her request by email, *id.* ¶ 6, but Ms. Lau was unable to respond to the counselor because of her leave from work, *id.* ¶ 7. From October 5-9, 2012, a CREO manager arranged to meet with Ms. Lau in his office in Richmond, California to discuss her EEO claims. *Id.* ¶ 8. Ms. Lau, however, did not appear for her appointment with the CREO manager and did not schedule another appointment. *Id.*

On February 5, 2013, Ms. Lau filed a request for a civil harassment restraining order against Mr. Wang in California Superior Court alleging the facts discussed above. Request, ECF No. 1 at 6-12. She asked the Superior Court to require that Mr. Wang stay at least 50 yards away from her person, home, workplace, school, and vehicle. *Id.* On February 6, 2013, the Superior Court denied her request until it could hear the matter on February 22, 2013. Notice of Removal, Exh. 2 ("Restraining Order"), ECF No. 1 at 14-22.

The SSA received notice of this matter on February 15, 2013, and the United States Attorney's Office received notification of this matter from the SSA on February 19, 2013. Notice of Removal, ECF No. 1, ¶ 5. On February 21, 2013, the United States Attorney's Office removed this matter to this court, Notice, ECF No. 1, and in support of its Notice of Removal, certified on behalf of the Attorney General that Mr. Wang was acting within the course and scope of his employment with the SSA with respect to Ms. Lau's allegations. *Id.* ¶ 7; Certification Pursuant to 28 U.S.C. § 2679(d) ("Certification"), ECF No. 3.

On February 28, 2013, Mr. Wang moved to dismiss this matter. Motion, ECF No. 5. Around the time her opposition was due, Ms. Lau filed the following documents: (1) a document titled "Sexual Harassment Historical Accounts in Chronological Events"; (2) an "EEO Counselor's Report" dated April 22, 2013; (3) a letter from Ms. Lau to SSA EEO Manager Nelson Arcilla dated April 5, 2013; (4) a "Claim for Disability Insurance Benefits - Doctor's Certificate"; (5) a San

Francisco Police Department Incident Report; and (6) a "Standard Grievance Form" dated August 10, 2012 . *See* ECF Nos. 27-32.

Further events are described in the EEO Counselor's Report and the Sexual Harassment Historical Accounts in Chronological Events. On April 2, 2013, Ms. Lau contacted the Equal Employment Opportunity ("EEO") office and was interviewed by an EEO counselor in connection with her claims against Defendant. EEO Counselor's Report, ECF No. 28 at 1. Ms. Lau complained of harassment and sex discrimination. *Id.* at 2. Specifically, she complained that on December 24, 2011, her supervisor yelled at her, and on June 20, 2012, he called her "stupid." *Id.* at 3. She also said that her supervisor told her to be more positive and open-minded when it comes to feedback, but that he had a mean and angry demeanor. *Id.* She also states that "she never followed through" with her initial EEO complaint, but is now requesting traditional EEO counseling because she is "in better condition." *Id.* And in the "Sexual Harassment Historical Accounts in Chronological Events," Ms. Lau alleges that on a number of occasions from December 2011 through September 2012, Mr. Wang yelled at her and/or engaged in other discriminatory practices. *See* Sexual Harassment Historical Accounts in Chronological Events, ECF No. 27 at 1-7.

Mr. Wang filed a reply in which he argues that none of the additional information Mr. Lau provided undermines the arguments he made in his motion. Reply, ECF No. 33.

**ANALYSIS**

**I. LEGAL STANDARD**

**A. Rule 12(b)(1)**

Federal courts are courts of limited jurisdiction; thus, the court presumes lack of jurisdiction, and the party seeking to invoke the court's jurisdiction bears the burden of proving that jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. *See* Fed. R. Civ. Pro. 12(b)(1). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen*, 511 U.S. at 377 (1994) (citation omitted).

A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal

jurisdiction either "facially" or "factually." *Thornhill Pub'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When the complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). But in deciding a Rule 12(b)(1) motion which mounts a factual attack on jurisdiction, "no presumption of truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Fed. Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); *see St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) ("It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction."). "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *see McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.").

**B. Rule 12(b)(6)**

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation and citation omitted).

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, courts may consider documents attached to the complaint. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

## II. APPLICATION

### A. Mr. Wang Is Not the Proper Defendant

Although Ms. Lau requests a restraining order pursuant to California Code of Civil Procedure §§ 527.6 and 527.9, the facts underlying that request suggest claims for employment discrimination, hostile work environment, and harassment under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and/or claims arising in tort under the Federal Tort Claim Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. *See Chan v. Salas*, No. C 10-04348 MEJ, 2011 WL 2493730, at *3 (N.D. Cal. June 23, 2011). Mr. Wang argues that, in this situation, he is not the proper defendant.[3] The court agrees.

---

[3] Ms. Lau does not respond to this argument in any of the papers she submitted in opposition to Mr. Wang's motion. *See generally* ECF Nos. 27-32.

The proper defendant in a Title VII case involving a federal employee is the head of the agency or department. 42 U.S.C. § 2000e-16(c). Mr. Wang is not the head of the SSA. For tort claims under the FTCA arising out of the course of federal employment, 28 U.S.C. § 2679(d) states that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action . . . commenced upon such claim in a United States district court shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant." *Id.*; *see also Pauly v. United States Dep't of Agri.*, 348 F.3d 1143, 1150-51 (9th Cir. 2003) (finding that a federal employee is immune from an FTCA suit upon certification by the Attorney General that he was acting within the scope of his employment at the time of the underlying incident). Here, the United States's Attorney's Office certified that Mr. Wang was acting within the course and scope of his employment with the SSA at all times material to the alleged incidents. Certification, ECF No. 3. Therefore, the only proper defendant to a tort claim under the FTCA is the United States. 28 U.S.C. §§ 1346(b), 2679(a); *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984) ("The [FTCA] provides that the United States is the *sole* party which may be sued for personal injuries arising out of the negligence of its employees.") (emphasis added). Accordingly, Mr. Wang must be dismissed as a defendant to this action.

**B. The Court Lacks Subject-Matter Jurisdiction Because Ms. Lau Has Not Exhausted Her Administrative Remedies**

*1. Exhaustion under Title VII*

Title VII is the exclusive judicial remedy for discrimination on the basis of race, religion, sex, or national origin in federal employment. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 829-30 (1976); *see Boyd*, 752 F.2d at 413-14. Hostile work environment is cognizable as a form of unlawful discrimination under Title VII. *Nichols v. Azteca Rest. Enter., Inc.*, 256 F.3d 864, 871 (9th Cir. 2001).

To establish subject matter jurisdiction over a Title VII claim, a plaintiff must exhaust his or her administrative remedies. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002) (citing *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994)). "Under Title VII, a plaintiff must

exhaust her administrative remedies by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." *B.K.B.*, 276 F.3d at 1099) (citing 42 U.S.C. § 2000e-5(b)). "The administrative charge requirement serves the important purposes of giving the charged party notice of the claim and 'narrow[ing] the issues for prompt adjudication and decision.'" *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) (quoting *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 472 n.325 (D.C. Cir. 1976)); *see B.K.B.*, 276 F.3d at 1099 (citing *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985) ("Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge . . . ."). "For these reasons, Title VII requires that the charge be sworn, [citation], and that the EEOC send notice of the charge to the named respondent." *Id.* (citing 42 U.S.C. § 2000e-5(b)).

To satisfy this requirement, under federal regulations promulgated by the EEOC, a federal employee complaining of discrimination by a governmental agency "must consult a[n EEO] Counselor prior to filing a complaint in order to try to informally resolve the matter," 29 C.F.R. § 1614.105(a), and he or she "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory," 29 C.F.R. § 1614.105(a)(1). "Although it does not carry the full weight of statutory authority, failure to comply with this regulation has been held to be fatal to a federal employee's discrimination claim." *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002) (citing *Johnson v. United States Treasury Dept.*, 27 F.3d 415, 416 (9th Cir. 1994) (per curiam)). In addition, a plaintiff must bring a civil action under Title VII within 90 days of receipt of a notice of right to sue from the EEOC. 42 U.S.C. § 2000e-5(f)(1). "This ninety-day period is a statute of limitations." *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997) (citing *Scholar v. Pacific Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992)). "Therefore, if a claimant fails to file the civil action within the ninety-day period, the action is barred." *Id.* (citing *Scholar*, 963 F.2d at 267).

Here, all of the allegedly discriminatory conduct by Mr. Wang occurred on or before September 2012. *See* Request, ECF No. 1 at 6-12; Sexual Harassment Historical Accounts in Chronological Events, ECF No. 27; EEO Counselor's Report, ECF No. 28. Ms. Lau's initial attempt to contact the

UNITED STATES DISTRICT COURT
For the Northern District of California

CREO office on September 28, 2012 arguably satisfies the timeliness requirement for contacting an EEO counselor (even though she failed to follow-up with the CREO office after having missed the appointment), *see* 29 C.F.R. § 1614.105, but there is no evidence to show that she ever filed a sworn administrative charge or received a notice of right to sue. To allow her claims to proceed now would be to allow her to "circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge." *Babrocky*, 773 F.2d at 863. Thus, because Ms. Lau has not shown that she exhausted her administrative remedies, to the extent her claims arise under Title VII, they must be dismissed. But because it may be possible for her exhaust her administrative remedies now that she apparently is proceeding with an EEOC complaint, *see* EEO Counselor's Report, ECF No. 28, the court dismisses her claims without prejudice.

*2. Exhaustion under the FTCA*

The doctrine of sovereign immunity bars actions against the United States except where it clearly and explicitly consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976). The terms of such consent, as expressly set forth by Congress, define the Court's subject matter jurisdiction to entertain suits against the United States. *United States v. Sherwood*, 312 U.S. 584, 590-91 (1940). Absent a waiver, the sovereign immunity doctrine shields the federal government, its agencies, and its federal employees acting in their official capacity from suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1992); *Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir. 2001).

The FTCA, which is the exclusive remedy for torts against federal officers acting in the scope of their employment, 28 U.S.C. § 2679(b)(1), provides such a waiver, 28 U.S.C. § 2675(a). The FTCA permits civil actions against the United States where federal employees commit negligent or wrongful acts or omissions within the scope of their employment such that the law of the forum state would consider the act or omission a tort. 28 U.S.C. § 1346(b)(1). Before filing suit, a plaintiff must present his or her administrative claim to the appropriate agency within two years of the incident, *see* 28 U.S.C. § 2401(b), and the agency must either "finally den[y]" her claim or fail to arrive at a "final disposition of [her] claim within six months after it is filed," *see* 28 U.S.C. § 2675(a). "The claim requirement of section 2675 is jurisdictional in nature and may not be waived." *Burns v. United States*, 764 F.2d 722, 723 (9th Cir. 1985). Where plaintiff fails to satisfy the claim

requirement, the district court cannot assert subject matter jurisdiction over the plaintiff's FTCA claim. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 111-12 (1993); *Burns*, 764 F.2d at 723. The plaintiff in an action seeking relief under the FTCA bears the burden of showing that he or she complied with the FTCA's administrative claim requirement. *See Bruce v. United States*, 621 F.2d 914, 918 (8th Cir. 1980)

Here, there is nothing in the record to suggest that Ms. Lau ever presented a claim to the SSA, and she argue otherwise in any of the documents she submitted in opposition to Mr. Wang's motion. To the contrary, Mr. Wang provided evidence that the SSA has no record of receiving any administrative complaint from her asserting the same claims raised in the present suit. Ledford Declaration, ECF No. 5-2, ¶¶ 2-5. Thus, to the extent her claims arise under the FTCA, they must be dismissed. But because she may still be able to present an administrative claim to the SSA, the court dismisses her claims without prejudice.

**CONCLUSION**

Based on the foregoing, the court **GRANTS** Defendant's motion to dismiss. As stated above, her claims, which arise either under Title VII or the FTCA, are **DISMISSED WITHOUT PREJUDICE**. The Clerk of the Court shall close the file. Should Ms. Lau exhaust her administrative remedies within the time allowed, she may file a new action.

This disposes of ECF Nos. 5.

**IT IS SO ORDERED.**

Dated: May 20, 2013

LAUREL BEELER
United States Magistrate Judge